IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00111-EWN-MEH

ROBERT E. BICHON,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

---

RECOMMENDATION FOR DISMISSAL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

## INTRODUCTION

Applicant has pending before this Court an Amended Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Application"). In response to the Court's Order to Show Cause (Docket #8), Respondent filed his Answer (Docket #12). Applicant has submitted a Traverse (Docket #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.C.COLO.LCivR 72.1, this matter has been referred to me for Recommendation on matters which are dispositive.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Applicant is a federal prisoner who is housed at FCC Florence, Colorado. In the Amended Application he has filed in this Court, Applicant designates four claims: (1) that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") in promulgating 28 C.F.R. § 570.21, thereby causing the rule to be invalid and its application to his sentence a violation of his due process rights; (2) that the BOP has violated his due process rights by refusing to consider him for community confinement center ("CCC") or halfway house placement; (3) that the BOP is misinterpreting the provisions of 18 U.S.C. § 3624(b) in computing his good time credits ("GCT"); and (4) that the BOP abused its discretion in denying him furloughs.

Respondent has filed an Answer in response to the Amended Application. In the Answer, the Respondent agrees that the Applicant has named the correct individual as the Respondent (as the person having custody of the Applicant for purposes of the Amended Application). Respondent also agrees that jurisdiction under 28 U.S.C. § 2241 is appropriate for the claims presented by the Applicant. The Respondent does contend that the Applicant has failed to exhaust his administrative remedies, and is therefore precluded from relief in this court. Respondent further challenges the

Applicant's claims on their merits, contending that the decisions of the BOP in this regard are not reviewable under the APA, that the BOP's approach to CCC eligibility is legal, that the BOP's method of calculating GCT is proper, and that the BOP did not abuse its discretion in denying Applicant's furlough request.

Because applicant is proceeding without counsel, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

### I. Exhaustion.

Respondent contends that the Applicant has not exhausted his administrative remedies with regard to the claims he presents in this Court, and the Applicant specifically admits in his Amended Complaint that he has failed to do so with regard to his third and fourth claims. Applicant, however, claims that exhaustion with regard to these claims would be futile, and requests that the exhaustion requirement be excused. Applicant claims that he administratively exhausted Claims One and Two under Administrative Remedy Number 385013-R1.

Generally, it is required that a federal prisoner exhaust his available administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). This exhaustion requirement for federal prisoners is not jurisdictional, but is instead a judicially-created rule enforced at the district court's discretion. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), superceded on other grounds in 42 U.S.C. § 1997(e) (the statutory exhaustion requirement simply codifies the administrative exhaustion doctrine in order to govern the

timing of federal court decision-making). The Court of Appeals for the Tenth Circuit has emphasized that judicial intervention pursuant to § 2241 is usually "deferred until administrative remedies have been exhausted" because "the agency is in a superior position to investigate the facts." *Williams*, 792 F.2d 987. The purpose of administrative exhaustion is particularly applicable when the challenged action involves an exercise of the agency's discretionary power. *McCarthy*, 503 U.S. at 145.

Futility may excuse the exhaustion requirement if the agency does not have discretion to grant the requested remedy, or if the agency has predetermined the issue before it. *Id*. at 148; *see, also, Holman v. Booker*, 1998 WL 864018, *3 (10th Cir. 1998) (stating that exhaustion requirement of § 2241 proceeding may be excused as futile if applicant can demonstrate that he was foreclosed from administrative relief because of a binding adverse administrative precedent). "Alternatively, the Supreme Court has approved of the futility exception to the exhaustion requirement where further administrative appeals would be procedurally barred." *Holman* 1998 WL 864018 at *3.

There is no question that the Applicant did not exhaust his remedies with regard to his third and fourth claim. Further, with regard to the Applicant's first claim, a review of Administrative Remedy Number 385013-R1 would demonstrate that while the grievance may colorably have raised the issue of the BOP's refusal to consider a halfway house as a correctional facility, and argument which is designated as Applicant's Claim two, construing the grievance to raise Applicant's argument that the BOP violated the APA as set forth in Claim One would be far too attenuated. *See* RESPONDENT'S ANSWER TO ORDER TO SHOW CAUSE, Docket #12, Attachment C, p. 7. However, with regard to Claim One, it does not appear that administrative relief is even a possibility. *See Pimentel v. Gonzales*, 367 F.Supp.2d 365, 371-72 (E.D.N.Y. 2005) (excusing exhaustion requirement for prisoner who challenged validity of 28 C.F.R. § 570.21 as futile); *United States v.*

*Paige*, 369 F.Supp.2d 1257, 1260 (D.Mont. 2005) (same).  Additionally, a published BOP policy concerning the granting of good time credit, which has been judicially upheld on all levels of appeal including the United States Supreme Court, precludes administrative relief with regard to Applicant's Claim Three. Finally, as demonstrated by the Respondent's Answer, the Applicant appears to have procedurally defaulted his administrative remedy with regard to the denial of his request for a furlough because the grievance was determined to be untimely filed and he failed to complete the appeals process by filing at the Central Office level.  Further administrative appeals in this regard would be procedurally barred.  Accordingly, I decline to recommend dismissal of the Amended Application for lack of exhaustion because requiring the Applicant to exhaust his first, third, and fourth claims would be futile.

**II.     Merits of the Claims**.

      **A.     Claim One.**

Applicant argues that the BOP violated the APA in promulgating 28 C.F.R. § 570.21, the agency's rule concerning designation of inmates to community confinement, because it did not "examine the relevant data [or] articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made[.]'" Therefore, the Applicant contends the rule is invalid and its application to his sentence a violation of his due process rights.  In his answer brief, the Respondent asserts that review of BOP decisions in this regard are not available under the APA, pursuant to the provisions of 18 U.S.C. § 3625.  While § 3625 may prevent review of the BOP's substantive decision in the Applicant's case, it does not prevent review of rulemaking decisions.  *See Lyle v. Sivley*, 805 F. Supp. 755 (D.Ariz. 1992) (courts were precluded from reviewing adjudicative decisions of agencies under § 3625, but are not precluded from reviewing

5

rulemaking decisions).

Under the APA, an agency's decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." 5 U.S.C. § 706(2)(A). The Supreme Court has stressed that the scope of review "is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Ins. Co.*, 463 U.S. 29, 43 (1983). So long as the agency's decision "was based on a consideration of the relevant factors," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977), the reviewing court should "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," *Bowman Transp., Inc. v. Arkansas-Best Freight System*, 419 U.S. 281, 286 (1974), even though the court might otherwise disagree, *United States v. Allegheny-Ludlum Steel Corp.*, 406 U.S. 742, 749 (1972). However, the reviewing court should not just rubber-stamp the administrative decision. The court must assure that "the agency . . . examine[d] the relevant data and articulate[d] a satisfactory explanation for its action," and may overturn a decision when the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. As has been previously found by another United States Magistrate Judge of this Court:

> . . . The BOP has stated that the agency considered each of the five statutory factors in drafting the regulation. *See* Proposed Rule, 69 Fed. Reg. 51, 214 ("In deciding to limit inmates' community confinement to the last ten percent of the prison sentence, not to exceed six months, the Bureau has carefully considered all of the statutorily-specified factors, as well as the additional considerations that it identified as pertinent.")

> Moreover, the BOP will continue to consider the five statutory factors when designating or transferring inmates to correctional facilities. *See* Final Rule, 70 Fed. Reg. at 1660 ("The Bureau will continue to evaluate [the factors set forth in Section 3621(b)] when making individual designations to appropriate Bureau facilities, and this rule will not adversely effect such individualized determinations.").
>
> . . . Although the proposed rule substantively discusses only two of the statutory factors - facility resources and policy statements issued by the Sentencing Commission - and addresses additional factors such as avoiding favoritism, nothing in the statute dictates the weight the agency must accord each factor, or prevents the Bureau from considering other relevant factors. *See* S.Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3325 ("The Committee, by listing factors for the Bureau to consider in determining the appropriateness or suitability of any available facility, does not intent (sic) to restrict or limit the Bureau in the exercise of its existing discretion . . ."). . . .

*Hurley v. Sherrod*, Civil Action No. 05-cv-01177-LTB-PAC, RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, Docket #16 (D.Colo. 2005).

Additionally, although the Applicant argues that the BOP ignored all public commentary against the policy change, the public record in this regard demonstrates to the contrary. *See* Final Rule, 70 Fed. Reg. 1659, 1659 (2005) ("We received 26 comments on the proposed rule. One commenter wrote in support of the rule as proposed. The remaining commenters raised similar issues, so we respond to each issue individually as follows.").

The record with regard to the BOP rule published at 28 C.F.R. § 570.21 fails to demonstrate a violation of the APA as alleged by the Applicant and therefore, cannot provide a basis for the due process claim raised by the Applicant. Accordingly, Claim One of the Amended Application should be denied and dismissed.

### B.     Claim Two.

As clarified in his Traverse, in his second claim for relief, the Applicant argues that the BOP has violated his due process rights by their categorical denial of designation of an inmate to community confinement as part of pre-release custody except as allowed under 28 C.F.R. § 570.21,

when 18 U.S.C. § 3621(b) grants the BOP the discretion to designate an inmate's place of confinement at any time. Applicant argues that the agency's regulation does not allow the BOP to consider the factors enumerated under § 3621(b), and therefore, the regulation is invalid.

Applicant's claim is not novel, and has been the subject of numerous habeas actions in the federal courts almost immediately since the promulgation of the 2005 regulation. The courts of appeal for three circuits have struck down the rule. *See Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005). The Court of Appeals for the Tenth Circuit has yet to address the issue, and there is a split of authority in the federal district courts. *See, generally, Woodall*, 432 F.3d at 244, n. 9-10. In fact, there is a difference of opinion on the matter within this District, with Chief District Judge Lewis T. Babcock and District Judge Phillip S. Figa upholding the regulation, and District Judge Wiley Y. Daniel finding it to be invalid. *See Wedelstedt v. Wiley*, Civil Action No. 06-cv-01337-WYD (D. Colo. 2006); *Montoya v. Rios*, Civil Action No. 05-cv-00606-PSF-PAC (D. Colo. 2005); *Hurley v. Sherrod*, Civil Action No. 05-cv-01177-LTB-PAC (D.Colo. 2005). Consideration of the analysis and reasoning in this regard, however, dictates that the regulation be upheld.

In *Wedelstedt*, the determination was made that:

> The fundamental flaw with the BOP's February 2005 regulations is that the regulations do not allow the BOP to consider all of the factors listed in § 3621(b) which, pursuant to that statute, must be considered when the BOP initially designates an inmate's place of confinement and when the BOP transfers an inmate to a new facility. At least three of the five factors listed in § 3621(b) are specific to individual prisoners and cannot be considered using a categorical approach.

*Wedelstedt*, Civil Action No. 06-cv-01337-WYD, ORDER GRANTING HABEAS CORPUS PETITION, Docket #14, p. 7.

Additionally, the opinion in *Wedelstedt* found that the United States Supreme Court's decision

in *Lopez v. Davis*, 531 U.S. 230 (2001), which is relied upon as analogous authority by Chief Judge Babcock and Judge Figa in their opinions, to be distinguishable and noncontroling in the disposition of this issue. *Id*. Arguments to support the categorical approach which were raised by the BOP in *Woodall*, *Fults*, and *Levine*, but which were not raised before the court in *Wedelstedt*, were nonetheless considered and rejected. *Id.* However, nothing in the record before this Court demonstrates that the BOP will not consider all five § 3621(b) factors in making any inmate placement, because nothing in the rule eliminates these factors from any placement consideration; what the rule does is eliminate a particular type of facility (i.e., community correction centers ["CCC"]) from consideration for designation of a prisoner when only the five factors inform the BOP's placement decision. *See* Final Rule, 70 Fed.Reg. at 1660 ("The Bureau will continue to evaluate these factors when making individual designations to appropriate Bureau facilities, and this rule will not adversely affect such individualized determinations.") (emphasis added). Additionally, to the extent the rule does allow CCC placements "during the last ten percent of the prison sentence being served, not to exceed six months," 28 C.F.R. § 570.21(a), the exception is not arbitrary, but rather is congressionally mandated. For purposes of "pre-release custody":

> The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months, of the last 10 per centum of the term to be served*, under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c) (emphasis added).

The provisions of § 3624(c) plainly identify a penalogical goal of assisting prisoners in their re-entry into the community that is not mentioned in § 3621(b). This goal may only be served by the BOP during a particular part of an inmate's incarceration: the last ten percent of a prison sentence,

9

not to exceed six months. Accordingly, although the BOP may have eliminated CCCs from consideration for designation of a prisoner when only the five factors of § 3621(b) inform the BOP's placement decision, when the mandates of § 3624(c) are also considered, such a facility can usefully serve the to promote community re-entry. Therefore, promulgating a rule that categorically excludes CCCs from among the "available penal and correctional facilit[ies]" to which the BOP may designate or transfer prisoners, except when endeavoring to meet other statutory obligations (such as the time-specific restrictions of § 3624(c)), cannot logically be deemed an abuse of the rule making authority of the BOP. *See generally* Proposed Rule, 69 Fed.Reg. 51213, 51214 (2004) (challenged regulation "supported by consideration of the congressional statutory policy as reflected in related statutory provisions," and "[w]hether or not Section 3624(c) precludes the [BOP] from designating a prisoner to community confinement for longer than the lesser of the last ten percent of the sentence or six months, it is consistent with the congressional policy reflected in that section for the [BOP] to exercise its discretion to decline to designate a prisoner to community confinement for longer than that time period").

Finally, the BOP's categorical rejection of CCCs for general § 3621(b) designations (i.e., placements not involving § 3624(c) or other statutory concerns) is supported by the analogous application of *Lopez*. In *Lopez*, a BOP rule which categorically eliminated some inmates with certain prior convictions from discretionary early release eligibility after successful completion of a drug treatment program under 18 U.S.C. § 3621(e)(2)(B) was upheld as valid. In upholding the rule, the Court noted that § 3621(e)(2)(B), the statute involved in the case, was silent about how the BOP was to exercise its discretion. *Lopez*, 531 U.S. at 242. Under such circumstances, the BOP regulation "filled the statutory gap in a way that was reasonable in light of the legislature's revealed

design." *Id*. Additionally, the Court opined that, "'[e]ven if a statutory scheme requires individualized determinations,'" which was not the case in *Lopez*, "'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" *Id*. at 243-44 (quoting *American Hosp. Ass'n v. NLRB*, 499 U.S. 606, 612 (1991)). This reasoning found in *Lopez* directly supports the BOP's authority to categorically conclude that certain facilities, such as CCCs, are generally not suitable for § 3621(b) placement, even while these same facilities can be useful in meeting statutory requirements in addition to those specified in § 3621(b).

For these and other reasons, as succinctly set forth in the opinions found in *Montoya v. Rios*, Civil Action No. 05-cv-00606-PSF-PAC (D.Colo. 2005) and *Hurley v. Sherrod*, Civil Action No. 05-cv-01177-LTB-PAC (D.Colo. 2005), the regulation set forth at 28 C.F.R. § 570.21 is a reasonable and permissible construction of the BOP's discretionary authority under 18 U.S.C. § 3621(b) . Accordingly, Applicant's second claim for federal habeas relief fails and should be dismissed.

**C.     Claim Three.**

In the third of his claims, the Applicant challenges that the BOP's method of calculating good-time credits misinterprets 18 U.S.C. § 3624(b), the statute governing good-time credits, in violation of the statute and his constitutional rights. The Court of Appeals for the Tenth Circuit has rejected the exact arguments presented by the Applicant under this claim, and affirmed the district court's ruling denying habeas relief. *Wright v. Federal Bureau of Prisons*, 451 F.3d 1231 (10th Cir. 2006). Additionally, the United States Supreme Court has denied certiorari in this regard. *Moreland v. Federal Bureau of Prisons*, — U.S. —, 126 S.Ct. 1906 (2006). As a result, Applicant's claim lacks merit and should be denied.

### D.     Claim Four.

In his fourth and final claim, the Applicant contends that the BOP abused its discretion, in violation of his constitutional rights, when his request for a furlough was denied at the "Unit Team level."  Applicant argues that the authority to approve furloughs in the BOP is delegated to the Warden or Acting Warden only.  The relief he requests in this regard is that the Respondent consider "in good faith, his application for a social furlough.

The Applicant is correct in that "[t]he authority to approve furloughs in [BOP] institutions is delegated to the Warden or Acting Warden.  This authority may not be further delegated."  28 C.F.R. § 570.32(a).  However, a furlough "is not a right, but a privilege granted an inmate under prescribed conditions. . . ."  28 C.F.R. § 570.30.  Although the regulations state the conditions that must be satisfied before a furlough is granted, the regulations do not require the granting of a furlough upon the satisfaction of these conditions.  18 U.S.C. § 4082; 28 C.F.R. §§ 570.32, 570.34-35.  As one court has noted, "it is apparent that the regulations were not intended to create any entitlement to a furlough under any circumstances."  *Gilliam v. Quinlan*, 608 F.Supp. 823, 834 (S.D.N.Y. 1985).  Therefore, even if the denial of Applicant's furlough application was made under an improper delegation of authority, he cannot establish a claim which would rise to the level of a constitutional violation under which he can obtain habeas relief.  *Cf. Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4(10th Cir. 1993) ("a failure to adhere to administrative regulations does not equate to a constitutional violation" (citation omitted)).

Further, applications made "under § 2241 are used to attack the execution of a sentence," and they "attack[ ] the fact or duration of a prisoner's confinement and seek[ ] the remedy of immediate release or a shortened period of confinement."  *McIntosh v. United States Parole Comm'n*, 115 F.3d

809, 811-12 (10th Cir. 1997). The action being challenged under the application must have "affect[ed] the fact or duration of the [prisoner's] custody." *Id.* at 812. In this case, as the Respondent has demonstrated and the Applicant has not denied or challenged in any manner, the Applicant was not eligible for the furlough he requested. *See* RESPONDENT'S ANSWER TO ORDER TO SHOW CAUSE, DATED FEBRUARY 22, 2006, Docket #12, pp. 14-16. Accordingly, relief pursuant to § 2241 does not appear to be available to the Applicant in this regard.

Finally, liberally viewing the *pro se* claim as one seeking mandamus relief, pursuant to 28 U.S.C. § 1361, to compel the Warden or Acting Warden to perform a duty owed to the Applicant by regulation, the claim also fails. For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. *See Hadley Memorial Hosp., Inc. v. Schweiker*, 689 F.2d 905, 912 (10th Cir. 1982). As mentioned above, the Respondent has demonstrated that the Applicant did not qualify for the furlough which he requested. Accordingly, there appears to be no grounds for federal habeas or mandamus relief for the Applicant with regard to this claim and it should, therefore, be dismissed.

### III.    Evidentiary Hearing.

The issues presented in the Amended Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See, generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

### CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that the Amended Application [Filed April 19, 2005; Docket #3] be **denied** and that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 16th day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge